**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **A.P., A Minor, By His Parent, E.F.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LOWER MERION SCHOOL DISTRICT** | : | **NO. 16-5925** |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                                     **March 1, 2018**

In this action brought under the Individuals with Disabilities Education Act (IDEA), the threshold issue, one of first impression, is whether a federal court has jurisdiction to determine a disabled child's residency before addressing a school district's obligation to provide him a free appropriate public education (FAPE). The corollary issue is whether the state agency, the Office of Dispute Resolution (ODR), must first decide the residency issue.

Because a school district has an obligation to provide a free appropriate public education to a disabled child who resides in its jurisdiction, the residency issue is intertwined with IDEA eligibility for FAPE. A residency determination is an issue of state law. Thus, we conclude that a challenge to a residency determination, when intertwined with a disabled child's IDEA claim, must first be presented through the state administrative process.

The ODR hearing officer must adjudicate the question of residency. Only on appeal from the ODR hearing officer's decision does the federal court have jurisdiction to review the school district's residency determination.

## Background

A.P., a disabled child entitled to special education services under the IDEA, attended Bala Cynwyd Middle School in Lower Merion. Dissatisfied with Lower Merion's implementation of his individual educational plan, E.F. enrolled A.P. for the 2015–2016 school year in the Ivymount School, a private school in Rockville, Maryland. She and her children moved to Maryland and she enrolled A.P.'s siblings in a nearby public school.[1]

In December 2015, midway through A.P.'s school year at Ivymount, E.F. filed a due process complaint with ODR, seeking reimbursement for the cost of tuition at Ivymount. Lower Merion agreed to reimburse E.F. for A.P.'s tuition at Ivymount for the 2015–2016 school year.[2]

On June 20, 2016, E.F. applied to reenroll A.P. in Bala Cynwyd Middle School for the 2016–2017 school year.[3] On July 13, 2016, finding that A.P. was not a resident of Lower Merion, Lower Merion concluded that he was ineligible "to attend school in the District or [another school] at the District's expense."[4] Lower Merion advised E.F. that residency in the district was a prerequisite for enrollment or tuition reimbursement.[5]

Lower Merion notified E.F. that she could challenge the decision at a hearing before either the Lower Merion Board of School Directors or an appointed hearing

---

[1] 1st Am. Compl. (Compl.) (Doc. No. 3) ¶¶ 1–16.

[2] *Id.* Ex. C, Educational Services Agreement, May 16, 2016 (Doc. No. 3-1) at ECF 16–22.

[3] Compl. Ex. D, Lower Merion School District New Student Registration Application, June 20, 2016 (Doc. No. 3-1) at ECF 23–28.

[4] Compl. Ex. F, Correspondence from Edward A. Diasio, Counsel for Lower Merion School District, to Mu'min F. Islam, Counsel for A.P. and The Parent, July 13, 2016 (Doc. No. 3-1) at ECF 46–48.

[5] *Id.*

officer. The notice warned that unless she requested a hearing on or before July 27, 2016, Lower Merion would conclude that she had waived one.[6]

E.F. did not request a hearing before the Lower Merion Board of School Directors or a hearing officer. Instead, on July 20, 2016, she filed a due process complaint with ODR. She claimed that Lower Merion's failure to offer appropriate extended school year services in the summer of 2016 and a special education placement for the 2016–17 school year constituted a denial of FAPE in violation of the IDEA.[7] Lower Merion moved to dismiss the complaint on the basis that E.F. and A.P. were non-residents.[8]

The ODR hearing officer granted Lower Merion's motion to dismiss. He concluded that he lacked jurisdiction to determine residency. He reasoned that because residency "falls under the School Code and its regulations," only the courts, not ODR, have jurisdiction to adjudicate an appeal of a district's residency determination.[9] Consequently, he did not reach the substantive claims.

E.F. then filed this civil action, claiming violations of the IDEA, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act. She asks that we adjudicate the question of residency and award reimbursement for A.P.'s tuition at Ivymount.[10]

---

[6] Compl. Ex. I, Mot. to Dismiss Due Process Compl. (Doc. No. 3-1) ¶ 3 at ECF 65.

[7] Compl. ¶ 27 & Ex. H, 2d Due Process Compl., July 20, 2016 (Doc. No. 3-1) at ECF 59–61.

[8] Compl. Ex. I, Mot. to Dismiss Due Process Compl. for Failure to State a Claim Due to Lack of Student Residency, Aug. 1, 2016 (Doc. No. 3-1) at ECF 62–65.

[9] Compl. Ex. J, Hearing Officer Decision, ODR No. 18036-1617AS, Aug. 30, 2016 (Doc. No. 3-1) at ECF 76; *see also* Compl. Ex. K, Hearing Officer Decision, Sept. 20, 2016 (Doc. No. 3-1) at ECF 79.

[10] Compl. ¶ 51.

Alternatively, she requests we remand to the hearing officer to conduct an evidentiary hearing to resolve not only her substantive claims, but also the residency issue.[11]

Moving to dismiss the complaint, Lower Merion challenges subject matter jurisdiction, arguing that E.F. failed to exhaust her administrative remedies. Lower Merion also contends that we must deny E.F.'s request for remand because the hearing officer lacks jurisdiction to adjudicate the issue of residency.[12]

## Standard of Review

In its Rule 12(b)(1) motion, Lower Merion makes a facial challenge to subject matter jurisdiction. It does not dispute the allegations in the amended complaint. It argues that even accepting E.F.'s allegations as true, they are insufficient to invoke subject matter jurisdiction because she failed to exhaust her administrative remedies.

Because the issue before us is a legal question, we consider only the allegations in the complaint and the attached documents. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (citation omitted). We accept the allegations as true and construe them in the light most favorable to the plaintiff to determine if she has sufficiently alleged a basis for subject matter jurisdiction. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted); *see also U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

## Analysis

The IDEA mandates that "children with disabilities residing in the State between the ages of 3 and 21" receive FAPE. 20 U.S.C. § 1412(a)(1)(A). The local educational

---

[11] *Id.* ¶ 52.

[12] Mot. to Dismiss (Doc. No. 5) at 12.

agency must "provid[e] for the education of children with disabilities within its jurisdiction." 34 C.F.R. § 300.201. A local educational agency is defined as a "public board of education or other public authority" with "administrative control or direction of . . . public elementary schools or secondary schools." 20 U.S.C. § 1401(19). A school district is a local educational agency under the IDEA. 22 Pa. Code § 14.103. Thus, each school district must provide "for the education of all students with disabilities who are residents of the district." 22 Pa. Code § 14.104(c).

Whether Lower Merion must provide A.P. with IDEA-related services depends on whether he was a resident of the school district when E.F. sought to reenroll him at Bala Cynwyd Middle School. A school district is obligated to provide FAPE only to qualified students who reside in the school district. Conversely, a school district has no obligation to provide FAPE to ineligible non-residents. Otherwise, parents would be free to place their child in any school district regardless of where they reside. Hence, when challenged, the residency of the disabled child is a threshold issue in the context of an IDEA claim.

The IDEA does not address residency requirements or enrollment policies. Residency is a matter of state law. Pennsylvania law provides that a child who resides in a school district is entitled to attend public schools in that district. *See* 24 Pa. Cons. Stat. §§ 5-501, 13-1301; 22 Pa. Code § 11.11(a)(1). A child's district of residence is the school district in which his parent or guardian resides. 24 Pa. Cons. Stat. § 13-1302(a); 22 Pa. Code § 11.11(a)(1).

A school district is not required to enroll a child who does not reside in the district. 22 Pa. Code § 11.11(b).[13] Specifically, the Pennsylvania School Code states that a "school district . . . has no obligation to enroll a child until the parent . . . making the application has supplied proof of the child's age, *residence*, and immunizations as required by law." *Id.* (emphasis added). The school district determines a child's eligibility to enroll in its schools, including whether the child is a resident of the district.

E.F. does not disagree that she must reside in Lower Merion for A.P. to be entitled to IDEA services from Lower Merion. She contends that she does reside in the Lower Merion School District. Lower Merion denied A.P.'s reenrollment because it determined that E.F. was not a resident.

Who decides whether Lower Merion's residency determination was correct is the question. E.F. contends that the ODR hearing officer has jurisdiction to resolve the residency issue. Lower Merion disagrees, arguing that E.F.'s remedy is the administrative process provided by Pennsylvania law.

That residency is a state law issue does not mean it is not implicated in the IDEA proceedings. A state is obligated under the IDEA to identify, evaluate, and maintain an individualized education plan designed to provide FAPE to a disabled child residing in the state. 34 C.F.R. § 300.111. These obligations require each school district to provide special education services to disabled children "thought to be eligible for special education within the school district's jurisdiction." 22 Pa. Code §§ 14.121, 14.122.

---

[13] Certain non-resident children may be eligible to a district's entitlements. A non-resident child may be eligible to enroll in the district's public schools if the child is supported by a district resident without personal compensation, lives in a facility or foster home, or is homeless. *See* 24 Pa. Cons. Stat. §§ 13-1302(a), 1305(a), 1306(a). None of these exceptions apply to A.P.

Thus, the child's residence is a prerequisite to entitlement to FAPE provided by the school district.

A disabled child's residency must be established before a school district is obligated to provide him FAPE. The due process complaint must "relat[e] to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child[]." 34 C.F.R. § 300.507(a)(1). In other words, the residency issue must be resolved to vindicate the federally granted right to FAPE. Therefore, because the residency determination is intertwined with the child's entitlement to FAPE, it must be addressed in a due process hearing. M. Weber, *Special Education Law Treatise* § 16.11 & n.30 (3d ed. 2008) (citing 34 C.F.R. § 300.507(a)(1)); *see also, e.g.*, *D.L. v. Unified Sch. Dist. No. 497*, 270 F. Supp. 2d 1217, 1257–58 (D. Kan. 2002), *vacated in part on other grounds*, 392 F.3d 1223 (10th Cir. 2004); *Roxbury Twp. Bd. of Educ. v. W. Milford Bd. of Educ.*, 662 A.2d 976, 982–83 (N.J. Super. 1995).

E.F. contends that A.P. resided in the district when she applied to reenroll him in a Lower Merion school. If she is correct, Lower Merion was responsible to provide A.P. with special education services because he resided there.[14] *See* 34 C.F.R. § 300.111; 22 Pa. Code §§ 14.121, 14.122. Lower Merion counters that A.P. failed to exhaust the administrative remedies provided under Pennsylvania school law. It argues that this failure deprives the federal court of subject matter jurisdiction.

The IDEA requires a party to exhaust administrative procedures before seeking relief in federal court. *Honig v. Doe*, 484 U.S. 305, 326–27 (1988); *D.M. v. New Jersey*

---

[14] A school district's obligation to provide FAPE is triggered by the student's residency, not enrollment. *See, e.g.*, *James v. Upper Arlington City Sch. Dist.*, 228 F.3d 764, 768 (6th Cir. 2000); *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 772–73 (M.D. Pa. 2012); *Moorestown Twp. Bd. of Dirs. v. S.D.*, 811 F. Supp. 2d 1057, 1069 (D.N.J. 2011); *D.S. v. District of Columbia*, 699 F. Supp. 2d 229, 235 (D.D.C. 2010).

*Dep't of Educ.*, 801 F.3d 205, 212 (3d Cir. 2015) (citation omitted); *Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994). "A federal court may not exercise subject-matter jurisdiction over the dispute unless state administrative remedies have been exhausted." *D.M.*, 801 F.3d at 212 (citation omitted).

Here, the residency issue was not exhausted. However, it was not E.F.'s failure. She raised residency at the due process hearing. But, the hearing officer did not decide it, concluding that it was beyond his jurisdiction. As we have explained, the ODR hearing officer had the obligation to resolve the residency dispute as a necessary part of the due process hearing mandated by the IDEA.

To exhaust administrative remedies in Pennsylvania in an IDEA case, a plaintiff must participate in a due process hearing. 22 Pa. Code § 14.162. The due process hearing serves to resolve disagreements over the district's "identification, evaluation, or placement of, or the provision of" FAPE to the student. *Id.* § 14.162(b). ODR hearing officers are authorized to resolve due process claims under the IDEA. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 270–71 (3d Cir. 2014) (citing *Smith v. Robinson*, 468 U.S. 992, 1011–12 (1984); *Komninos*, 13 F.3d at 778). The residency inquiry is fact-driven. The ODR hearing officer is competent to resolve factual disputes. Therefore, the residency issue must be raised and decided at a due process hearing.

Because we hold that the hearing officer had jurisdiction to decide the residency issue, we shall remand this case to ODR to decide the threshold issue of residency as part of the due process hearing. *See Brooks v. Cent. Dauphin Sch. Dist.*, No. 1:CV-11-1555, 2011 WL 4433285, at *7–8 (M.D. Pa. Aug. 31, 2011), *report and recommendation adopted*, 2011 WL 4433284 (M.D. Pa. Sept. 21, 2011); *R.T. ex rel. J.S. v. Se. York Cty.*

*Sch. Dist.*, No. 1:07CV0232, 2007 WL 626056, at *3 (M.D. Pa. Feb. 23, 2007) (the district court lacked subject matter jurisdiction to adjudicate appeal from hearing officer's finding of fact that child was a resident of school district; instead, residency question had to first be presented for review before the (now defunct) ODR appeals panel as part of the administrative exhaustion process).

The processes Lower Merion claims A.P. should have pursued are not acceptable alternatives. Lower Merion argues that E.F.'s only recourse from the district's denial of enrollment is the process provided under the Pennsylvania School Code and the Administrative Agency Law. This process entails navigating through several steps that potentially could take years to complete. Such a process frustrates, rather than vindicates, the federally mandated right to FAPE. Thus, to assure that a disabled child gets FAPE as soon as possible, the residency determination must be made at the ODR due process hearing and not relegated to another forum to conduct a separate proceeding.

The exhaustion process Lower Merion contends must be followed requires the parent to initially seek review of the school district's decision before the school board. An appeal from the board's adjudication is to the Pennsylvania Court of Common Pleas in the county where the school district is located. 2 Pa. Cons. Stat. §§ 101, 553, 752; *Delliponti v. DeAngelis*, 681 A.2d 1261, 1263 (Pa. 1996); *Smith v. City of Phila.*, 147 A.3d 25, 32 (Pa. Commw. Ct. 2016); *Monaghan v. Bd. of Sch. Dirs.*, 618 A.2d 1239, 1241 (Pa. Commw. Ct. 1992). Where the issue is a denial of enrollment, the parties proceed through an intermediate administrative step with the Pennsylvania Department

of Education (PDE) School Services Office before appealing to the Common Pleas Court.[15]

Applying its enrollment regulations, Lower Merion concluded that A.P. did not reside in the district. It denied A.P.'s reenrollment application. As required by local agency law, it notified E.F. that it denied her son's reenrollment and gave her an opportunity to challenge the denial at a hearing before the School Board or a hearing officer appointed by the School Board.[16] She did not challenge the residency determination before the School Board. Instead, she filed a due process complaint before ODR, claiming that Lower Merion failed to provide A.P. with FAPE. She also filed a complaint with PDE on September 1, 2016.[17] Apparently, as her counsel represented at oral argument and Lower Merion did not dispute, PDE did not act on the complaint.[18]

---

[15] PDE, Basic Education Curricular, Enrollment of Students, Jan. 22, 2009 at 8; Compl. Ex. E, Admin. Regs., Enrollment of Eligible Students and Removal of Students in Illegal Attendance, May 18, 2009 (Enrollment Regs.) (Doc. No. 3-1) § X, at ECF 45 ("When a dispute arises regarding enrollment of a student, the individual attempting to enroll the student may file a complaint by mail, e-mail or telephone with the Superintendent or designee. The individual or the School District may send written follow-up to the Department of Education, School Services Unit.").

[16] Compl. Ex. I, Mot. to Dismiss Due Process Compl. ¶ 3 at ECF 65 (explaining that E.F. can challenge Lower Merion's enrollment denial at a hearing before either the Lower Merion Board of School Directors or a "duly appointed hearing officer thereof"). A school board, as a local agency, is subject to the Pennsylvania Administrative Agency Law. *Monaghan*, 618 A.2d at 1241 (citing 2 Pa. Cons. Stat. §§ 101, 754; *Big Spring Sch. Dist. Bd. of Dirs. v. Hoffman by Hershey*, 489 A.2d 998 (Pa. Commw. Ct. 1985)). As a local agency, a school board has the power to promulgate policy regulations. 2 Pa. Cons. Stat. § 102. Here, Lower Merion promulgated regulations on admission, attendance, and enrollment, including how it determines residency and enforcement of residency requirements. Consistent with Pa. Code § 11.11(b), Lower Merion's policy on admission, attendance, and enrollment dictates that it will not enroll a child without proof of residency within the district. *See* Enrollment Regs. at ECF 30.

[17] Oral Arg. Tr. at 15:8–16:12.

[18] At oral argument, counsel for E.F. explained that after he filed a complaint with PDE, the agency "didn't issue anything" and "didn't give us anything." *Id.* at 15:24–16:1.

If a student denied enrollment due to non-residency exhausts administrative remedies through the PDE process, appeal is to the Pennsylvania courts.[19]  Either party may appeal the school board's decision to the Court of Common Pleas of the county in which the school district is located only if its decision is an adjudication—if the parties had reasonable notice and an opportunity to be heard.  2 Pa. Cons. Stat. §§ 101, 553, 752; *Delliponti*, 681 A.2d at 1263; *Smith*, 147 A.3d at 32; *Boris v. Saint Clair Sch. Dist.*, 668 A.2d 264, 268 n.12 (Pa. Commw. Ct. 1995) (citing 2 Pa. Cons. Stat. § 752; 42 Pa. Cons. Stat. § 933(a)(2); *Rike v. Com. Sec. of Educ.*, 494 A.2d 1388, 1390 (Pa. 1985)); *Monaghan*, 618 A.2d at 1241.  Because the PDE did not rule on E.F.'s complaint, there was no adjudication to appeal.

The process for challenging a denial of enrollment for want of residency is inappropriate in an IDEA case.  It is lengthy and entails many procedural hurdles.  Such a process could thwart or unreasonably delay achieving the goal of the IDEA to provide FAPE.  In this case, A.P. is protected by the stay-put provision.[20]  However, a disabled child who requests FAPE for the first time could face a long delay in getting the

---

[19] Administrative exhaustion may be a prerequisite to establish that the board made an adjudication, subject to judicial review.  *See Velazquez ex rel. Speaks-Velazquez v. E. Stroudsburg Area Sch. Dist.*, 949 A.2d 354, 360 (Pa. Commw. Ct. 2008).  *But cf. Hoke ex rel. Reidenbach v. Elizabethtown Area Sch. Dist.*, 833 A.2d 304, 308–09 (Pa. Commw. Ct. 2003) (failure to exhaust administrative remedies did not preclude prospective student from seeking judicial determination that school district lacked authority to require that expulsion hearing be conducted as prerequisite to eligibility to enroll in school district, in light of student's prior withdrawal from private school in face of expulsion; expulsion hearing would not provide opportunity for student to challenge validity of policy).

[20] When a parent challenges a proposed individual educational plan or change in educational placement, the child may remain in the "then-current educational placement" until the IDEA proceedings conclude.  20 U.S.C. § 1415(j).  This "stay-put" provision prevents school authorities from unilaterally changing an existing educational placement, commonly referred to as the pendent placement.  *Michael C. ex rel. Stephen C. v. Radnor Twp. Sch. Dist.*, 202 F.3d 642, 650 (3d Cir. 2000).  The child may not be moved to another school unless the parties agree or the administrative agency orders transfer.  In the meantime, the school district must continue funding the child's pendent placement until final resolution of all IDEA proceedings, including appeals.  *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 125 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 2309 (2015).

education to which he is entitled.  Awaiting placement too long may have a detrimental effect on the child's educational development.  Thus, when the residency issue is intertwined with the IDEA, the ODR hearing officer must resolve it in the first instance.

## Conclusion

Because E.F.'s administrative remedies have not been exhausted, we lack subject matter jurisdiction.  The ODR hearing officer must resolve the question of residency and the substantive claims.  Thus, we shall remand this case to ODR.